IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MALIK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Case No. 15-cv-00084-SMY-PMF |
| | ) |
| DR. LARSON, et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Robert Malik's motion for preliminary injunctive relief (part of Doc. No. 2). Malik is challenging the conditions of his confinement at Big Muddy Correctional Center, alleging deliberate indifference to serious medical needs for diagnosis and treatment of ailments causing symptoms of pain, dizziness, swelling, and skin discoloration. The motion is supported by numerous exhibits (Doc. Nos. 54-57). Plaintiff seeks an order directing the defendants to arrange for his ailments to be evaluated by an outside medical specialist, with follow-up testing and treatment to be provided as recommended by the specialist. The motion is opposed by defendant Larson (Doc. No. 59). An evidentiary hearing was held on May 19, 2015.

In order to establish that he is entitled to a preliminary injunction, Malik must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453

F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The testimony and admissible materials show that Malik experiences symptoms that affect his stomach, abdomen, lower right leg, right ankle, and testicle. He believes he suffers from an undiagnosed and undetected infection, possibly related to bullet fragments that remain in his leg from a 2009 gunshot wound. He presented his medical concerns to a wide assortment of treating professionals between February, 2014, and March, 2015, and sees a medical doctor approximately once each month. His ailments have been evaluated with a variety of diagnostic tools, including x-ray, ultrasound, blood tests, urine tests, CT scan, ankle brachial indices, muscle atrophy measurement, and evaluation for physical therapy. Treatment efforts focus on constipation, pain, and inflammation associated with scar tissue and adhesions. They include prescription medications indicated for relief of pain and inflammation (naproxen, acetaminophen, ibuprofen), constipation (Milk of Magnesia, Fiber Lax), hot/cold packs, cold compresses, and physical therapy to improve strength and tissue mobility. Instructions/advice has been given to avoid lifting and strenuous activity, proper use of body mechanics, regulate diet and fluid intake, consider antacid tablets, take safety measures to avoid reinjury, and to perform a home exercise program. Outside consultations have been considered and deferred in favor of onsite conservative management. Plaintiff is 6 foot 3 inches, and weighs approximately 240 pounds. He attended the hearing by walking to the prison's video conference room, a distance of approximately 1 ½ blocks. Malik did not appear to be suffering from a painful ailment during the hearing. He participated without showing obvious signs of discomfort and

displayed both ankles by alternately supporting his weight on his left foot and his right foot. The injured ankle showed some deformity, swelling and discoloration.

The Court of Appeals recently summarized the law applicable to plaintiff's medical care claim:

> [To] prevail on his medical claim, Mr. Pyles was required to make two showings. First, he needed to demonstrate that he suffers from an objectively serious medical condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Second, Mr. Pyles had to demonstrate that Dr. Fahim knew about his condition and the risk it posed, but disregarded that risk. *Arnett*, 658 F.3d at 751. Something more than negligence or even malpractice is required. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A prisoner may establish deliberate indifference by demonstrating that the treatment he received was "blatantly inappropriate." *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (*quoting Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)). Making that showing is not easy: "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (*quoting Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)). Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). The federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011); Sain, 512 F.3d at 895.

*Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Plaintiff does not have a likelihood of success on the merits of his Eighth Amendment claim. He has not shown that the defendants responded to a known risk of serious harm or injury with deliberate indifference. This is more negligence than recklessness. Malik simply disagrees with the diagnostic efforts and treatment efforts selected by those who provide him with medical

–4–

services.  Furthermore, Malik has not shown that he will suffer irreparable harm if an injunction is not granted.

      IT IS RECOMMENDED that plaintiff's motion for a preliminary injunction (part of Doc. No. 2) be DENIED.

      SUBMITTED:  June 16, 2015 .

                                              s/Philip M. Frazier
                                              **PHILIP M. FRAZIER**
                                              **UNITED STATES MAGISTRATE JUDGE**

Case 3:15-cv-00084-SMY-RJD   Document 62   Filed 06/16/15   Page 4 of 4   Page ID #609