IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT MALIK,

    Plaintiff,

vs.

DR. LARSON, et al.,

    Defendants.

Case No. 15-cv-84-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 62) of Magistrate Judge Philip M. Frazier recommending that the Court deny Plaintiff's motion for preliminary injunctive relief (Part of Doc. 2).

Plaintiff is confined at Big Muddy Correctional Center. He is seeking preliminary injunctive relief based on his allegations that prison staff is deliberately indifferent to his serious medical needs for diagnosis and treatment of ailments causing symptoms of pain, dizziness, swelling, and skin discoloration. He specifically seeks an order directing defendants to arrange for his evaluation by an outside medical specialist and for follow-up testing and treatment to be provided as recommended by the specialist. A hearing was heard on the Motion on May 19, 2015.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or

only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  Because Plaintiff has filed an objection to the R & R the Court will review the record *de novo*.

Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998).  A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). Irreparable harm must be *likely*, not just possible.  *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008).  If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public.  "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Ferrell*, 186 F.3d at 811.

"A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008).  Specifically, with respect to prisoners,

> preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . .

18 U.S.C. § 3626(a)(2).

The evidence on the record establishes that Plaintiff experiences symptoms that affect his stomach, abdomen, lower right leg, right ankle, and testicle. He believes his medical problems are caused by an undiagnosed infection, potentially stemming from a 2009 gunshot wound that left bullet fragments in his leg. Plaintiff has seen several medical professionals between February, 2014 and March, 2015. He also sees a doctor about once every month. He has undergone a multitude of medical diagnostic tests, and he has received treatment to aid with constipation, pain, and inflammation associated with scar tissue and adhesions. He also has received prescription and OTC medication to treat his ailments. He has been directed to avoid lifting and strenuous activity, regulate diet and fluid intake, consider antacid tablets, take safety measures to avoid reinjury, and to perform a home exercise program. Outside consultations have been considered, but it was decided to continue with onsite conservative management.

Plaintiff attended the hearing through video conference. He is 6 foot 3 inches tall and weighs 240 pounds. He was able to walk about a block and a half to the prison's video conferencing room and did not appear to suffer from any discomfort or pain during the hearing. He also was able to display both ankles to the Court by alternately supporting his weight on his left foot and his right foot. His injured ankle did show some deformity, swelling and discoloration.

In considering the factors for granting a preliminary injunction, the Court finds that Plaintiff has little chance of succeeding on the merits on his Eighth Amendment claim. [To] prevail on a deliberate indifference claim, a plaintiff must demonstrate that he suffers from an objectively serious medical condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Second, Plaintiff must show that Defendant knew about his condition and the risk it posed, but

disregarded that risk. *Id*. at 751. Something more than negligence or even malpractice is required. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (quoting Collignon v. *Milwaukee Cnty*., 163 F.3d 982, 988 (7th Cir. 1998)). Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

While Plaintiff disagrees with the course of treatment being provided him and asserts that Defendants have not performed the tests or have falsified the results of the tests to "cover up them denying the treatment," there is no evidence that this is the case.  Further, there is no evidence presented that Plaintiff will suffer irreparable harm if a preliminary injunction ordering an outside assessment and follow-up treatment is not granted.  Instead, the evidence is that Defendants are pursuing a course of treatment of Plaintiff that appears to meet the requisite professional standard.  Because Plaintiff has little chance of success on the merits and has not made a showing that he is likely to suffer irreparable harm, the Court finds that Plaintiff has failed to carry his burden.  Accordingly the Court **ADOPTS** the R & R (Doc. 62) and **DENIES** Plaintiff's Motion for a Preliminary Injunction (Part of Doc. 2).

**IT IS SO ORDERED.**

    **DATED: July 8, 2015**

    s/ Staci M. Yandle
    **STACI M. YANDLE**
    **DISTRICT JUDGE**